UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESYM, LLC, a California Limited Liability Company,<br><br>                                    Plaintiff,<br><br>v.<br><br>BRAD LUNDAHL, an individual; STEPPING STONE TRAINING, LLC, a Utah Limited Liability Company; and DOES 1–10, inclusive,<br><br>                                    Defendants. | Case No.: 25-CV-993 TWR (VET)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE AND STAY**<br><br>(ECF No. 97) |

Presently before the Court are Plaintiff and Counterdefendant eSym, LLC's Motion to Bifurcate eSym, LLC's Claim of Disassociation and Brad Lundahl's Claim of Dissolution, and for a Limited Stay of all Other Civil Claims ("Mot.," ECF No. 97), Defendants and Counterclaimants Brad Lundahl and Stepping Stone Training, LLC's Opposition ("Opp'n," ECF No. 107) to the Motion, and Plaintiff and Counterdefendant eSym, LLC's Reply ("Reply," ECF No. 110) in support of the Motion. The Court took the Motion under submission on the papers pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 111.) After carefully considering the Parties' arguments and the relevant law, the Court **DENIES** Plaintiff's Motion.

///

1

**BACKGROUND**

Plaintiff filed its initial Complaint on April 22, 2025, asserting ten causes of action: (1) Violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*; (2) Violation of California Business and Professions Code, §§ 17200 *et seq.*; (3) Breach of Fiduciary Duty; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Breach of Contract; (6) Intentional Interference with Contractual Relations; (7) Intentional Interference with Prospective Economic Relations; (8) Negligent Interference with Prospective Economic Relations; (9) Involuntary Disassociation of Dr. Lundahl as a Member of eSym; and (10) Unjust Enrichment. (*See generally* ECF No. 1.) On May 16, 2025, Defendants filed an Answer, (*see generally* ECF No. 9), and a Counterclaim, (*see generally* ECF No. 10), alleging causes of action for (1) Breach of Contract, (2) Breach of Fiduciary Duties, (3) Fraud, (4) Unjust Enrichment, (5) Accounting, and (5) Involuntary Dissolution of Plaintiff.

On June 6, 2025, Plaintiff filed a First Amended Complaint, (ECF No. 15), and on June 27, 2025, Defendants filed a First Amended Counterclaim. (ECF No. 23.) The Court dismissed without prejudice Counterclaimant's third cause of action for fraud on September 17, 2025. (ECF No. 41.)

Plaintiff filed a Second Amended Complaint on October 30, 2025. (ECF No. 43.) On December 1, 2025, the Court denied Plaintiff's Motion to Enforce the Settlement Agreement that Plaintiff alleged was entered into before the start of litigation. (ECF No. 49.) Plaintiff filed the instant Motion on March 27, 2026. (ECF No. 97.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 42(b), "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. Accordingly, Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of

///

2

potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995)).

"Courts generally address the following factors when determining whether to bifurcate proceedings into separate trials: (1) potential simplification and expedition of issues; (2) conservation of judicial resources and resources of the parties; (3) potential unfair prejudice to any of the parties; (4) preservation of the parties' right to a jury trial." *O'Hailpin v. Haw. Airlines, Inc.*, No. CV 22-00532 HG-WRP, 2025 WL 1349054, at *1–*2 (D. Haw. May 7, 2025) (citing *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001)). "With respect to both discovery and trial, the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." *Navigators Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. C12-13-MJP, 2013 WL 2155707, at *1 (W.D. Wash. May 16, 2013) (citation omitted).

"When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42. The Seventh Amendment preserves the right to trial by jury of all legal claims, whereas no right to a jury exists for equitable claims. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (citing *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989)). Thus, a "constitutional concern may arise when the district court orders that some portions of a case be tried to the judge and others to a jury." *Id.* Accordingly, where an action has common issues to both equitable and legal claims, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." *Id.* (citation omitted).

## ANALYSIS

Plaintiff seeks to have the Court determine Plaintiff's Ninth Cause of Action for involuntary disassociation of Defendant Brad Lundahl under California Corporations Code § 17706.02(e) and Cross-claimant Brad Lundahl's Sixth Cause of Action for involuntary dissolution of Plaintiff eSym under California Corporations Code § 17707.03. (*See generally* Mot.) Both causes of action are equitable in nature. Plaintiff argues that an

25-CV-993 TWR (VET)

expedited bench adjudication is the most efficient method to protect Plaintiff eSym without any prejudice to Defendant Lundahl or any other party. (*See* Mot. at 8.) In contrast, Defendant Lundahl argues bifurcation would unnecessarily delay this litigation and prejudice him "due to lost income and business opportunities." (Opp'n at 7.) For the reasons explained below, the Court finds that Plaintiff has failed to meet his burden of demonstrating that bifurcation would promote judicial economy or avoid inconvenience or prejudice to the parties.

To begin, Plaintiff's suggested course of conduct would potentially subject the Court to hearing the same evidence, witnesses, and arguments twice. This alone justifies denying bifurcation. *See Century-Nat'l Ins. Co. v. Gardner*, 460 F. Supp. 3d 1059, 1062 (D. Nev. 2020) (denying motion to bifurcate when "bifurcating the claims for trial would require the parties to present some of the same evidence twice, have witnesses testify twice, [and] make many of the same arguments twice"). Further, bifurcation would not be dispositive of this case. Instead, it appears that bifurcation would only stand to benefit Plaintiff, who is currently being harmed by Defendant Lundhal's continued status as a member of the LLC. Accordingly, the Court **DENIES** Plaintiff's Motion.

Moreover, while neither party addressed this issue, it is worth noting that bifurcation is not only inappropriate but also barred under Rule 42. Plaintiff requests an early bench adjudication of its involuntary disassociation claim under California Corporations Code § 17706.02(e), which provides:

> (e)    On application by the limited liability company, the person is expelled as a member by judicial order because the person has done any of the following:
>
> (1)    Engaged, or is engaging, in wrongful conduct that has adversely and materially affected, or will adversely and materially affect, the limited liability company's activities.

/ / /

/ / /

/ / /

4

25-CV-993 TWR (VET)

(2)     Willfully or persistently committed, or is willfully and persistently committing, a material breach of the operating agreement or the person's duties or obligations under Section 17704.09.

(3)     Engaged, or is engaging, in conduct relating to the limited liability company's activities that makes it not reasonably practicable to carry on the activities with the person as a member.

Cal. Corp. Code § 17706.02(e).  As the text of the statue and Plaintiff's Motion illustrate, the resolution of Plaintiff's claim under Section 17706.02(e) would require answering questions including whether Defendant Lundahl breached his duty of good faith and fair dealing, (*see* Mot. at 5), and whether Defendant Lundahl breached fiduciary duties owed to eSym. (*See id.* at 6.)  These questions are also legal causes of action in Plaintiff eSym's Second Amended Complaint, which alleges Breach of Fiduciary Duty (Count Three) and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Four).  (*See generally* ECF No. 43.)  Accordingly, a bench adjudication of the dissociation claim under Section 17706.02(e) would not preserve the federal right to a jury trial because there are common issues in both the equitable and legal claims.  *See Danjaq LLC*, 263 F.3d at 962 (stating that where an action has common issues to both equitable and legal claims, "the legal claims involved in the action must be determined prior to any final court determination of the equitable claims." (cleaned up and citation omitted)).

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Bifurcate and Stay (ECF No. 97.)

**IT IS SO ORDERED.**

Dated:  April 24, 2026

_____
Honorable Todd W. Robinson
United States District Judge

5

25-CV-993 TWR (VET)